UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

JOHNNY KINCAIDE, JR. a/k/a                             Case No.: 12-16885-EPK
JOHNNY KINCAIDE LAW, P.A.                              Chapter 7

      Debtor.
_____/

OFFICE OF THE ATTORNEY GENERAL,
DEPARTMENT OF LEGAL AFFAIRS,
STATE OF FLORIDA,

      Plaintiff,

v.                                                                              Adv. No.: 12-1960-EPK

JOHNNY KINCAIDE, JR. a/k/a
JOHNNY KINCAIDE LAW, P.A.,

      Defendant.
_____/

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Comes now Plaintiff, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS, STATE OF FLORIDA, and files this Opposition to Defendant's Motion to Dismiss. In support of which, Plaintiff states as follows:

1. Plaintiff's complaint to determine nondischargeability of a particular debt is pursuant to 11 U.S.C. § 523(a)(7), not 11 U.S.C. § 523(c) as is cited to by Defendant's Motion to Dismiss.

2. Federal Rule of Bankruptcy Procedure 4007(b) provides: "A complaint other than under § 523(c) may be filed at any time."

3.      Rule 4007(c) continues to delineate certain additional exceptions, among them a time limit for filing complaints to determine the issue of dischargeability of debts pursuant to § 523(a)(2), (4), or (6). *See* Fed. R. Bankr. P. 4007(c).  There is no time limit for complaints filed pursuant to 11 U.S.C. § 523(a)(7). *See* Fed. R. Bnkr. P. 4007(b).

4.      Furthermore, case law confirms that there is no deadline for actions arising under § 523(a)(7).  The Eighth Circuit Court of Appeal held *In re Horras*, 443 B.R. 159, (8th Cir. 2011) "[t]he Government claims arise under 11 U.S.C. § 523(a)(2)(A) and (a)(7).  The Debtor's challenge to the timeliness of the Government's § 523(a)(7) claim is easily disposed of because *there is no deadline for § 523(a)(7) actions*." *Id.* at 165 (emphasis added); *see also In re Thompson*, 418 F.3d 362, 364, n. 2 (3d Cir. 2005) (noting that claims under § 523(a)(7) can be filed "at any time."); *Matter of Towers*, 162 F.3d 952, 953 (7th Cir. 1998) (stating claims brought under § 523(a)(7) may be raised "at any time.") ; *Riley v. U.S.*, 202 B.R. 169, 177 (Bnkr. M.D. Fla. 1996) ("There is no time limit for filing a complaint to determine the dischargeability of a debt pursuant to § 523(a)(7).").

WHEREFORE Plaintiff respectfully requests that this Court enter an order dismissing Defendant's Motion to Dismiss and for such other and further relief this Court deems just and proper.

Respectfully Submitted,

**PAMELA JO BONDI,**
**Attorney General of the State of Florida**

Ronald J. Honick, Fla. Bar No. 91157
ronald.honick@myfloridalegal.com
Scott Gold, Fla. Bar No. 95972
scott.gold@myfloridalegal.com
Office of the Attorney General
110 Southeast Sixth Street, Tenth Floor
Fort Lauderdale, FL 33301
Phone: (954) 712-4600
Fax: (954) 527-3728

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a true and correct copy of the foregoing document was served by electronic mail at the email addresses indicated below and first-class U.S. Mail, postage prepaid, this 1st day of November, 2012, to the following parties:

Chad Van Horn, Esq.
Van Horn Law Group, P.A.
330 N. Andrews, Ste. 450
Fort Lauderdale, FL 33301
Phone: (954) 765-3166
Fax: (954) 756-7103
Chad@cvhlawgroup.com
*Counsel for the Defendant/Debtor*

By:
Ronald J. Honick, Fla. Bar No. 91157