

ORDERED in the Southern District of Florida on December 28, 2012.

Erik P. Kimball, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

JOHNNY KINCAIDE, JR. a/k/a             Case No.: 12-16885-EPK
JOHNNY KINCAIDE LAW, P.A.              Chapter 7

  Debtor.
_____/

OFFICE OF THE ATTORNEY GENERAL,
DEPARTMENT OF LEGAL AFFAIRS,
STATE OF FLORIDA,

  Plaintiff,

v.                                      Adv. No.: 12-1960-EPK

JOHNNY KINCAIDE, JR. a/k/a
JOHNNY KINCAIDE LAW, P.A.,

  Defendant.
_____/

**AGREED ORDER ENTERING FINAL JUDGMENT**

THIS MATTER came before the Court for hearing on December 13, 2012 upon the *Agreed Motion for Entry of Final Judgment* [ECF No. 13] (the "Motion") filed by the Office of the Attorney General, Department of Legal Affairs, State of Florida (the "Plaintiff"). For the reasons stated on the record, and being otherwise fully advised in the premises, the Court makes the following findings:

1. Defendant, Johnny Kincaide, Jr. a/k/a Johnny Kincaide Law, P.A., by and through his attorney Chad Van Horn, is in agreement with the motion;

2. Plaintiff is a governmental agency as defined in 11 U.S.C. § 523(a)(7) and the enforcing authority under the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes Section 501.201, *et seq.*;

3. Plaintiff obtained Final Judgment against Defendant in the case of *Office of the Attorney General, Department of Legal Affairs, State of Florida vs. Johnny Kincaide Law, P.A. d/b/a the Kincaide Law Group and Johnny Kincaide, Jr.* in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, Case Number CACE 10-37865(21). The Final Judgment contained a civil penalty in the amount of One Hundred Thousand Dollars ($100,000.00); and

4. The civil penalty satisfies the requirements of 11 U.S.C. § 523(a)(7). It constitutes a fine or penalty payable to and for the benefit of a governmental unit, and it is imposed as a civil penalty rather than compensation for actual pecuniary loss. As such, it is appropriate to determine the civil penalty to be non-dischargeable, pursuant to 11 U.S.C. § 523(a)(7).

Accordingly, the Agreed Motion is **GRANTED**. It is hereby:

**ORDERED and ADJUDGED** that the civil penalty entered against Defendant in the Seventeenth Judicial Circuit of the State of Florida, Broward County, Florida, Case Number CACE 10-37865(21) in the amount of One Hundred Thousand Dollars ($100,000.00) is non-dischargeable pursuant to 11 U.S.C. § 523(a)(7).

###

**Submitted by:**
Ronald Honick, Esq.
Assistant Attorney General
110 SE 6th Street, 10th Floor
Fort Lauderdale, FL  33301
(954) 712-4600
ronald.honick@myfloridalegal.com

The party submitting this order shall serve a copy of the signed order on all parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).